IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES MICHAEL HILL, JR., as Executor of the Estate of JAMES MICHALE HILL, SR. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19CV532 |
| MALLINCKRODT LLC; SOUTHERN INSULATION, INC.; and WEYERHAEUSER COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a motion to dismiss filed by Defendant Mallinckrodt LLC ("Mallinckrodt"), pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join parties under Rule 19. (ECF No. 8.) For the following reasons, the motion will be denied.

**I.      BACKGROUND**

Plaintiff James Michael Hill, Jr. brings this wrongful-death action as executor of his father's estate. (ECF No. 1.) According to the complaint, James Michael Hill, Sr. (the "decedent") died from mesothelioma due to "his exposure to asbestos during the course of his employment" as an insulator. (*Id.* ¶¶ 2, 25–26.) Plaintiff alleges that the decedent was exposed to asbestos at several different locations, including at a facility owned and operated by Mallinckrodt in Raleigh, North Carolina while performing work there in the 1970s and 80s. (*Id.* ¶¶ 20, 22, 28.)

While this case is new to federal court, it has a substantial prior history. On August 30, 2018, Plaintiff filed a complaint in South Carolina state court against sixty manufacturers, contractors, and premises owners allegedly responsible for decedent's mesothelioma. (*See* ECF No. 9-1.) Mallinckrodt was a defendant in that suit. (*Id.* ¶ 52.) However, in March of 2019—for reasons unclear to this Court—Plaintiff agreed by joint stipulation to the dismissal of all claims, without prejudice, against Mallinckrodt in the South Carolina action. (*See* ECF No. 16-1.) A few months later, on May 22, 2019, Plaintiff filed the present action in this Court, naming Mallinckrodt and just two other entities—Southern Insulation, Inc. and Weyerhaeuser Company—as defendants. (ECF No. 1.)

Among those defendants named in the South Carolina complaint, but absent here, were several general contractors (the "General Contractors"). Though not specifically outlined in the federal complaint, it appears from the South Carolina complaint and the parties' briefing that the General Contractors may have subcontracted with the decedent's former employer, Covil Insulation Company, for the performance of insulation work at the Mallinckrodt facility. (*See, e.g.*, ECF Nos. 1 ¶ 28; 9 at 4–5; 9-1 ¶ 80; 9-3 ¶¶ 3–4; 15 at 3.) Plaintiff has settled with the General Contractors and released all further claims against them. (ECF No. 15 at 3.) Nevertheless, Mallinckrodt insists that Plaintiff's case before this Court should not proceed without the General Contractors' participation as parties. (*See* ECF No. 9 at 5–11.) "As Plaintiff's allegations against Mallinckrodt deal solely with the safety for a subcontractor's employee," Mallinckrodt argues, "the General Contractors who exercised control over the worksite . . . are necessary and indispensable parties under Rule 19." (*Id.* at 5.)

## II. LEGAL STANDARDS

Rule 12(b)(7) provides that an action may be dismissed for failure to join a required party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). "The inquiry contemplated by Rule 19 is a practical one" which is left "to the sound discretion of the trial court." *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980). First, the court must determine whether an absent party is "necessary" to the action, as detailed in Rule 19(a). *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). If joinder is necessary, but infeasible, the court must then determine whether the party is "indispensable" under Rule 19(b), such that the action cannot continue in that party's absence. *See id.* "In general, federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder, and dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *RPR & Assocs. v. O'Brien/Atkins Assocs., P.A.*, 921 F. Supp. 1457, 1463 (M.D.N.C. 1995), *aff'd*, 103 F.3d 120 (4th Cir. 1996).

On consideration of a 12(b)(7) motion, the movant bears the burden of "show[ing] that the [absentee] is needed for just adjudication." *Am. Gen. Life & Accident Ins. Co.*, 429 F.3d at 92 (citation omitted). While all factual allegations in the complaint are accepted as true, and inferences are drawn in favor of the nonmoving party, the court may also consider materials outside the pleadings in making its determination. *See Debbie's Staffing Servs., Inc. v. Highpoint Risk Servs., LLC*, No. 1:17CV657, 2018 WL 6031207, at *2 (M.D.N.C. Nov. 16, 2018).

## III. DISCUSSION

Joinder of the General Contractors is only necessary if they are "required" parties under Rule 19(a). An entity is a "required party" if: (1) in its absence, "the court cannot afford

complete relief among existing parties"; or (2) it "claims an interest relating to the subject of the action," and disposing of the action in its absence would either "impair or impede" its ability to protect that interest or create "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1)(A), (B).

Mallinckrodt first contends that complete relief cannot be afforded without joining the General Contractors because they are integral to "the present[ation of] certain defenses to Plaintiff's allegations." (*See* ECF No. 9 at 6–8). The argument here is essentially one of "it was them, not me"—that because the General Contractors, not Mallinckrodt, "exercised control over the worksite" at the facility, Mallinckrodt bears no responsibility for the decedent's exposure to asbestos. *Cf. Watergate Landmark Condo. Unit Owner's Assoc. v. Wiss, Janey, Elstner Assoc., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987). This may prove to be a meritorious defense. *See Smith v. 3M Co.*, No. 1:16CV376, 2019 WL 1116718, at *5 (M.D.N.C. Mar. 11, 2019) (granting summary judgment for property owner on premises liability claim when plaintiff failed to produce evidence that owner exercised control over jobsite). However, it can easily be raised without joining the General Contractors as parties. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). While the inclusion of multiple tortfeasors in a single suit is clearly permissible, Plaintiff was free to sue the General Contractors and Mallinckrodt separately, as it chose to do here. *See Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512, 522 (M.D.N.C. 2008) ("Contribution and indemnity are not legitimate bases for joinder of potential tortfeasors under Rule 19."). This point is underscored by the fact that Plaintiff and the General Contractors have already settled. (*See* ECF No. 15 at 3).

Had the settlement occurred in the context of litigation in which both the General Contractors and Mallinckrodt were named parties, Mallinckrodt would be in the exact same position as it is in now with respect to its defenses.[1] Joinder of the General Contractors is simply not necessary to "afford complete relief among [Plaintiff and Mallinckrodt]." Fed. R. Civ. P. 19(a)(1)(A).

Next, Mallinckrodt argues that the General Contractors are required parties "because they have an interest in the instant action." (ECF No. 9 at 7.) However, to the extent the General Contractors "claim[ ] an interest relating to the subject matter of th[is] action," that interest has already been adequately protected through their participation in the South Carolina action and the resulting settlement. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Even if Mallinckrodt successfully defends this suit by placing the blame on the General Contractors, there is no indication that its victory would subject the General Contractors to inconsistent obligations or tangibly impair their interests. Thus, the Court cannot conclude that the General Contractors are required parties under Rule 19(a).

Because the General Contractors' participation is not "necessary," the Court need not consider whether they are "indispensable." *See Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1285–86 (4th Cir. 1994) ("Only necessary persons can be indispensable."). Accordingly, Mallinckrodt has failed to "show that the [General Contractors are] needed for

---

[1] Nor is the Court persuaded that the General Contractors must be included in this case because they are "the sole source of any records of Plaintiff's alleged employment at the site." (ECF No. 16 at 2.) An entity is not considered a necessary party if it "is necessary only for purposes of discovery or as a source of evidence." 4 Moore's Federal Practice – Civil § 19.03(2)(d); *see also Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 464–65 (D.C. Cir. 2017) ("Rule 19 does not apply merely because dispute resolution would be more efficient with the nonparty's participation."). To the extent the parties require relevant documents from the General Contractors, the subpoena remains a viable tool. *See* Fed. R. Civ. P. 45.

just adjudication," and its motion to dismiss must be denied. *See Am. Gen. Life & Accident Ins. Co.*, 429 F.3d at 92.

**ORDER**

IT IS THEREFORE ORDERED that Mallinckrodt's Motion to Dismiss, (ECF No. 8), is DENIED.

This, the 27th day of February 2020.

/s/ Loretta C. Biggs
United States District Judge